### BJORLIN v. UNITED S. S. CO.
### Civ. No. 26520.

United States District Court
N. D. Ohio, E. D.

Jan. 30, 1950.

S. Eldridge Sampliner, Cleveland, Ohio, for plaintiff.

Russell V. Bleecker, Cleveland, Ohio, for defendant.

JONES, Chief Judge.

This is a personal injury action brought under favor of the Jones Act, 46 U.S.C.A. § 688.

Defendant has moved that this Court order the plaintiff to furnish defendant with the names and addresses of witnesses to the condition of the place of the accident or, in the alternative, the names and addresses of persons making statements as to the condition of the place of accident. This motion is made under favor of Rule 33, Federal Rules of Civil Procedure, 28 U.S.C.A.

Rule 37 sets forth the situations and conditions that must exist before an order compelling the discovery of information can be granted, and it is the only rule under which the order requested by the motion may be granted. Rule 33 confers no authority on the Court to make the order requested. One of the situations where an order may be granted occurs when service of an interrogatory is made on the other party and such party without good cause refuses to answer. An order to answer then may be made, but the service of the interrogatory and the refusal to answer must have taken place before the Court can compel the answer.

 In this case no interrogatory requesting the information desired was served on plaintiff and the Court, therefore, cannot compel the discovery of the information by an order pursuant to Rule 37.

Plaintiff is said to be syphilitic and moves for a jury selected from an all male panel, because information concerning his disease will be given to the jury and he feels his rights, if women serve on the jury, will be prejudiced and he will not therefore have a fair hearing.

 The Court is not impressed with plaintiff's claim of possible prejudice. It does feel, however, that if the fact of plaintiff's venereal disease is to be introduced, the discussion of that fact and its relation to the case will be potentially embarrassing to a mixed jury. On this ground plaintiff's motion for an all male jury will be granted.