## ROZANSKI v. MIDLAND S. S. LINE.
### No. 3495.

United States District Court
N. D. Ohio, E. D.
Jan. 30, 1950.

Wm. L. Standard, Cleveland, Ohio, for plaintiff.

Russell V. Bleecker, Cleveland, Ohio, for defendant.

JONES, Chief Judge.

This is an action in admiralty for damages for personal injury.

Respondent has requested the Court to order libelant to furnish respondent with names and addresses of the witnesses to the accident, or the names and addresses of persons making statements concerning the accident. Respondent served no interrogatories on libelant prior to the motion which asked for the same information now requested.

The same issue was decided in Bjorlin v. United Steamship Co., D.C., 10 F.R.D. 42. The only difference is that in this case the admiralty rules would seem to apply. However, there is no authority in Admiralty Rule 31, 28 U.S.C.A., concerning the use of interrogatories which gives this Court the power to make the order desired. The only orders concerning interrogatories that can be made are those compelling answer to interrogatories pursuant to the terms of Rule 32C(a). The service of interrogatories is a condition precedent to the Court's authority under 32C(a), and since respondent has served no interrogatories on libelant, the Court has no authority to order the disclosure of the desired information.

The motion will be overruled.